UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA J. POGUE, as Personal Representative of the Estate of Marilyn Jane Cox, and on behalf of the Estate of Marilyn Jane Cox,<br><br>     Plaintiff,<br><br>vs.<br><br>KROGER LIMITED PARTNERSHIP, I,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.:  1:21-cv-2323<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant, Kroger Limited Partnership I, (hereinafter "Kroger"), by counsel, respectfully removes the State Court case filed under Cause No.: 49D11-2108-CT-026016 to the United States District Court, Southern District, Indianapolis Division, and in support hereof states:

1. On or about August 2, 2021, Plaintiff, Angela J. Pogue, as Personal Representative of the Estate of Marilyn Jane Cox, and on behalf of the Estate of Marilyn Jane Cox, (hereinafter "Plaintiff") a citizen of the State of Indiana, filed a Summons and Complaint against Kroger in Marion Superior Court #11, under Cause No.: 49D11-2108-CT-026016.  (Copies of the State Court filings are attached hereto as Exhibit "A").

2. The Summons and Complaint were served on Kroger via certified mail on or about August 3, 2021.  On or about August 13, 2021, undersigned counsel entered his Appearance on behalf of Kroger.

3. On August 20, 2021, Plaintiff filed an Amended Complaint for Damages. The undersigned accepted service of the Amended Complaint on August 20, 2021.

4. The parties are of diverse citizenship:

   a. Plaintiff is domiciled in the State of Indiana.

   b. Kroger Limited Partnership I is a limited partnership. KRGP, LLC is the only general partner of Kroger Limited Partnership I and The Kroger Co. is the only limited partner of Kroger Limited Partnership I. KRGP, LLC was organized in the State of Ohio and The Kroger Co. was incorporated in the State of Ohio. Both KRGP, LLC and The Kroger Co. have their principal places of business in the State of Ohio.

   c. There are 11 members of KRGP, LLC. as follows:

      i. Christine Wheatley (President and Secretary) whose citizenship is in the State of Ohio;
      ii. Carin Fake (Vice President and Treasurer) whose citizenship is in the State of Ohio;
      iii. Joseph Bradley (Vice President and Assistant Treasurer) whose citizenship is in the State of Ohio;
      iv. Jacqueleen Cossey (Vice President) whose citizenship is in the State of Tennessee;
      v. John DeFrance (Vice President and Assistant Secretary) whose citizenship is in the State of California;
      vi. Stacey Heiser (Vice Present and Assistant Secretary) whose citizenship is in the State of Ohio;
      vii. Nicholas Hodge (Vice President) whose citizenship is in the State of Ohio;
      viii. Rick Landrum (Vice Present and Assistant Secretary) whose citizenship is in the State of Ohio;
      ix. Antonio Matthews (Vice President) whose citizenship is in the State of Ohio;
      x. Phillip Nelson (Vice President) whose citizenship is in the State of Ohio; and
      xi. Dorothy Roberts (Assistant Secretary) whose citizenship is in the State of Ohio.

       d.   No member of KRGP is a citizen of the State of Indiana.

       e.   The Kroger Co. is incorporated in the State of Ohio and has its principal place of business in the State of Ohio.

5.     This is a wrongful death action. According to the Amended Complaint, on or about September 3, 2019, Kroger's pharmacy technician negligently canceled Mrs. Cox's Eliquis prescription and in December, 2019, Kroger Pharmacy canceled her Lasix prescription. (Amended Complaint, para.10 and 14).

6.     Additionally, Plaintiff alleges that the Kroger employee's negligence caused Mrs. Cox to sustain life threatening injuries, emotional distress, physical pain, and a severe decrease in her enjoyment of life. (Amended Complaint, para. 5 and 18).

7.     Plaintiff seeks damages relating to Mrs. Cox's injuries and damages including, but not limited to, physical and mental pain and suffering and other damages (Amended Complaint, para. 22).

8.     A removing Defendant need only show by a preponderance of the evidence facts that suggest the $75,000 jurisdictional amount set forth in 28 U.S.C. § 1332 has been satisfied. Carroll v. Stryker Corp., 658 F.3d 675, 680 (7th Cir. 2011). Once it has made this showing, jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000. Id. The legal-certainty test sets the bar high for excluding federal subject-matter jurisdiction, and for good reason: District Courts should not get bogged down at the time of removal in evaluating claims on the merits to determine if jurisdiction exists. Id. at 680-81.

9.     The amount in controversy has been met in this situation as Plaintiff has alleged various damages, resulting in wrongful death. Plaintiff contends that Mrs. Cox suffered injuries and damages including, but not limited to, physical and mental pain and suffering and other damages (Amended Complaint, para. 22). Under any reasonable estimation of how a jury could

value the elements of damages as alleged in Plaintiff's Amended Complaint, the amount in controversy requirement has been satisfied.

10. This Court has original jurisdiction under 28 U.S.C. § 1332 for the reasons set forth above.

11. Kroger filed a Motion for Extension of Time to respond to Plaintiff's Complaint in the Marion Superior Court #11 on August 13, 2021.

12. This Notice of Removal is being filed in the United States District Court for the Southern District of Indiana, Indianapolis Division, the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel. A copy of the Notice of Removal will be filed with the Clerk of the Marion Superior Court #11 of the State of Indiana.

14. This Notice of Removal is being filed within thirty (30) days after Kroger received Plaintiff's Complaint and learned that the amount in controversy exceeds $75,000.00.

15. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant, Kroger Limited Partnership I, by counsel, respectfully requests that this action be duly removed to this Court and that it proceed herein.

Respectfully submitted,

COOTS HENKE & WHEELER, P.C.

/s/ Jeffrey S. Zipes
Jeffrey S. Zipes   # 15303-29
Attorney for Defendant

5

CERTIFICATE OF SERVICE

    I hereby certify that on **August 25, 2021**, a copy of the foregoing **Notice of Removal** was filed electronically. Notice of this filing will be sent to the following party by e-mail transmission.

        Mr. Robert D. Emmerson
        Mr. Michael D. Wilhelm
        Ms. Katherine M. Slisz
        DEFUR VORAN, LLP
        8409 Fishers Centre Drive
        Fishers, IN 46038

        /s/ Jeffrey S. Zipes
        Jeffrey S. Zipes

Jeffrey S. Zipes    # 15303-29
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
Email: jzipes@chwlaw.com